UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Shakira Vance,<br><br>　　　Plaintiff,<br><br>v.<br><br>Grain Technology, Inc., Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion, LLC,<br><br>　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq*.)** |

## INTRODUCTION

1.　This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.　This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.　Plaintiff is an individual residing in Douglas County, Georgia.

5.　Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Grain Technology, Inc. is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

12. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Since December 2020, Plaintiff held a credit account with Grain in good standing while maintaining a timely payment history.

14. In early 2022, Grain prevented Plaintiff from making payments, whereby it locked Plaintiff out of its app.

15. Plaintiff called Grain and attempted to make a payment over the phone, or otherwise determine a way to pay Grain; however, Grain could not take payment over the phone and directed Plaintiff back to the app.

16. Plaintiff messaged Grain to activate/verify her account so she could resume making payments via the app; however, Grain replied that it was unable to onboard Plaintiff.

17. Grain provided no other payment options to Plaintiff, despite her willingness and ability to pay timely.

18. Plaintiff had sufficient funds to make all required payments and would have done so, had Grain provided her any functioning method of payment.

19. On its website, Grain provides an FAQ regarding "How can I make my Minimum payment?" which instructs "You can pay it by going to the Credit Tab of the app."

20. There are no further instructions regarding what to do if the app is unavailable or not working; there is no address or other information, other than directing the consumer to the app.

21. According to online reviews and comments, the app has not functioned properly for many other Grain customers, who have also been unable to make a payment as a result.

22. Plaintiff made repeated efforts to contact Grain to try to figure out a way to make a payment to Grain; however, Grain was unable or unwilling to provide Plaintiff with any workable method to make a payment.

23. Despite Grain's unilateral failure to accept payments from Plaintiff, Grain still reported that Plaintiff was delinquent in her obligations.

24. Grain's continued reporting of late payments is materially misleading because it misrepresents Plaintiff's creditworthiness, and improperly places the ostensible blame for the late payments on Plaintiff, when Grain was the party at fault for any delinquency.

25. Grain is responsible for making Plaintiff appear to potential lenders as if she is a credit risk, when she had every ability and intention to stay current on her credit obligations.

26. Plaintiff was attempting to obtain a mortgage and purchase a home, and had received a pre-approval for a mortgage; however, when Grain's inaccurate and misleading information appeared on Plaintiff's credit report, her credit score dropped dramatically, and she was unable to proceed forward with any home lending transaction.

27. In or around July 2022, Plaintiff checked her credit reports and noticed that Grain was reporting misleading information regarding the account.

28. Specifically, Grain reported that the account was delinquent with a past due balance owing.

29. The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

30. Equifax, Experian, and TransUnion published the misleading information regarding the account to third parties.

## WRITTEN DISPUTE

31. On or about July 25, 2022, Plaintiff sent a written letter to Equifax, Experian, and TransUnion disputing the inaccurate and misleading information regarding the account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

32. Upon information and belief, Equifax, Experian, and TransUnion each forwarded Plaintiff's dispute to Grain for reinvestigation.

33. Upon information and belief, Grain received notification of Plaintiff's dispute from Equifax, Experian, and TransUnion.

34. Grain failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

35. Equifax, Experian, and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

36. Grain failed to instruct Equifax, Experian, and TransUnion to correct the inaccurate and misleading information reporting on Plaintiff's consumer report.

37. Equifax, Experian, and TransUnion each employed an investigation process that was not reasonable and did not remove the inaccurate and misleading information identified in Plaintiff's dispute.

38. Equifax, Experian, and TransUnion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

39. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – Grain

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

40. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

41. After receiving Plaintiff's dispute, Grain failed to correct the inaccurate and misleading information regarding the account reporting on Plaintiff's consumer reports.

42. Grain violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying inaccurate and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of deceptive representations to the consumer credit reporting agencies, among other unlawful conduct.

43. As a result of this conduct, action, and inaction of Grain, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. Grain's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

45. In the alternative, Grain was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Grain pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

47. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

48. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion each failed to correct the inaccurate and misleading information reporting on Plaintiff's consumer report.

49. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

50. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

52. In the alternative, Equifax, Experian, and TransUnion each was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

54. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

55. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion each failed to correct the inaccurate and misleading information reporting on Plaintiff's consumer report.

56. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a

description of its procedures used to determine the accuracy and completeness of the disputed information.

57. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

59. In the alternative, Equifax, Experian, and TransUnion each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   December 7, 2022

        /s/ Esther Oise
        Esther Oise, Esq. (GA Bar #686342)
        Oise Law Group PC
        2635 Governors Walk Blvd.
        Snellville, GA 30078
        Email: eoise.molaw@gmail.com
        Telephone: (770) 895-3736
        Attorney for Plaintiff